IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ANTONIO M. ROBINSON,
ADC #108305                                                                                              PLAINTIFF

v.                                            5:07CV00296WRW/HDY

D. TUCKER, et al.                                                                                   DEFENDANTS

## RECOMMENDATION CONCERNING FUTURE PROCEEDINGS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

The plaintiff, a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants based on an incident which occurred on July 18, 2007 at the Unit. Specifically, plaintiff alleges that he was injured when he was struck in the head with two locks by another inmate while watching television in the day room of his barracks. Plaintiff alleges defendants Tucker and Porter witnessed the attack and should have acted more quickly in his defense, and defendants Straughn, Lay and Norris are liable because inmates were not supposed to possess such locks. Plaintiff asks for damages from the defendants.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held a Pre-Jury Evidentiary Hearing on May 28, 2008, to determine whether this case should proceed to a jury trial before the Honorable William R. Wilson, Jr. Pursuant to the standard set forth in <u>Johnson v. Bi-State Justice Center</u>, 12 F.3d 133 (8th Cir. 1993), the Court has considered plaintiff's testimony during the May 28, 2008 hearing to be true, drawn all appropriate inferences in plaintiff's favor, and refrained from making

any credibility determinations. Id. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Id., quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-2 (1986).   Looking at the evidence introduced at the Evidentiary Hearing in this way, the Undersigned makes the following Recommendation Concerning Future Proceedings .

   1. Plaintiff is currently housed at the Cummins Unit of the ADC, and has been incarcerated since April, 2005.

   2. On July 18, 2007, plaintiff was in the day room of his barracks in the general population area, watching television, when he was struck from behind by an inmate named Scruggs. Scruggs struck plaintiff in the head with two locks tied together with a string, and the two inmates wrestled until officers came and sprayed pepper spray to stop the incident. Scruggs was taken to a holding cell while plaintiff was taken to the Infirmary for treatment for his injuries.

   3. After leaving the Infirmary, plaintiff was taken the to Administrative Segregation (Ad Seg) area and appeared before the classification committee, which determined he should remain there pending an investigation into the incident. On July 19, 2007, plaintiff suffered a seizure while in his cell and was taken to the University of Arkansas for Medical Sciences Hospital (UAMS), where he received several staples in his head. Upon his return to Cummins, he was placed in the Infirmary for twenty-four hours and examined by a physician, who advised plaintiff to refrain from bumping his head in order to prevent bleeding in his brain. Plaintiff then returned to the Ad Seg area, and was released the following week after the Classification Committee determined he was without fault in the incident.

4. Plaintiff testified that prior to the incident, he did not know inmate Scruggs, had not spoken with inmate Scruggs, and had no prior indication of problems from inmate Scruggs. He stated although he did not know at the time why he was attacked, he later concluded that he was a random target and inmate Scruggs wanted an excuse to be transferred.

5. Defendant Tucker was present at the time of the incident and witnessed the attack against plaintiff. Plaintiff had no prior conversation with defendant Tucker about inmate Scruggs. Plaintiff testified at the time of the incident defendant stayed in the control booth and watched the events occur. Defendant Porter was the Sergeant of the barracks at the time, but was not at his post at the time of the incident. Plaintiff never discussed inmate Scruggs with defendant Porter prior to the incident.

6. Defendants Straughn, Lay, and Norris, were the warden of security, head warden, and director of the ADC, respectively, at the time of the incident. Plaintiff testified that these defendants were responsible for ensuring that policies forbidding possession of padlocks by inmates were enforced. Plaintiff testified a memo had circulated prior to the incident, stating that inmates were not permitted to be in possession of padlocks, and that inmate Scruggs should not have been in possession of the locks. According to the response of the Deputy/Assistant Director of the ADC to plaintiff's grievance about the incident, "inmates should not have had locks that are not attached to their beds. Locks were taken up and it is believed that this inmate must have hid his lock at the time in which they were taken up." Plaintiff's Ex. 2. According to the Incident Report, issued July 19, 2007 by Lt. Sparks, inmate Scruggs was issued two padlocks at the time he was released from punitive to general population. Plaintiff's Ex. 3. Finally, on October 15, 2007, a memo was issued by defendant Straughn stating that padlocks and combination locks would not be permitted in most

of the barracks.

    7. Plaintiff alleges defendants violated his Eighth Amendment rights by failing to protect him from harm, either due to their failure to swiftly act in response to Scruggs' attack on him or their failure to ensure the enforcement of policies preventing possession of locks by inmates. In order to support that claim, plaintiff must allege that defendants were "deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Newman v. Holmes, 122 F.3d 650, 652 (8th Cir. 1997).

    8. While plaintiff did not present an internal ADC memo to support the existence of a written policy prohibiting possession of the locks prior to the October 15, 2007 memo,( Plaintiff's Ex. 1), such a policy will be assumed to have existed in light of the Deputy/Assistant Director's response to Plaintiff's grievance. Plaintiff's Ex. 2. However, plaintiff provided no evidence that any of the defendants knew that Scruggs possessed locks in violation of such Unit policy. Furthermore, Plaintiff does not contend that defendants knew inmate Scruggs was a danger to plaintiff.

    9. There is simply no evidence in the record to support the claim that any of the defendants behaved in a way which could be construed to be deliberate indifference to plaintiff's health and safety needs. There is no need to submit factual issues to a jury when the evidence proffered permits but one reasonable conclusion as to a verdict. Anderson v. Liberty Lobby, supra, 477 U.S. at 252.

    10. Since there are no genuine issues of material fact to submit to a jury, the defendants are entitled to judgment as a matter of law dismissing this complaint. Accordingly,

    IT IS, THEREFORE, RECOMMENDED that the plaintiff's complaint be dismissed with prejudice, without further hearing.

IT IS SO RECOMMENDED this __29___ day of May, 2008.

_____
United States Magistrate Judge